**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| REGINALD BELL,<br><br>      Plaintiff,<br><br>  v.<br><br>GOVERNMENT OF THE US VIRGIN ISLANDS,<br>DEPARTMENT OF PUBLIC WORKS,<br>VIRGIN ISLANDS TRANSPORTATION,<br>JAMILLA RUSSELL,<br><br>      Defendants. | Civil No. 18-24 |

TO: Reginald Bell, *Pro se*
    General Delivery
    Fredriksted, IV 00840

**<u>ORDER and REPORT AND RECOMMENDATION</u>**

  THIS MATTER is before the Court upon *pro se* Plaintiff Reginald Bell's Motion to Proceed *in forma pauperis* in a Non-Prisoner Civil Action [ECF 2], Motion for Service by U.S. Marshals [ECF 3], and for initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).[1]

  When reviewing *in forma pauperis* applications, the Court must make two separate determinations. First, the Court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915(e)(2)(A). The Court finds Plaintiff Bell has demonstrated

---

[1] Section 1915(a)(1) provides "any court of the United States may authorize the commencement … of any suit, …, civil or criminal, … , without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1) (alteration in original); *see Leatherman v. Obama*, 2012 U.S. Dist. LEXIS 158682, at *3 n.1 (W.D. Pa. Oct. 22, 2012) (holding section 1915(a) is not limited to prisoner suits) (citing *Jones v. NATO*, 1998 U.S. Dist. LEXIS 3569, at *2 (E.D. Pa. Mar. 20, 1998)).

*Bell v. Government of the US Virgin Islands*
Civil No. 2018-24
Page 2

his inability to pay the required court costs.  Second, the Court must screen the complaint for cognizable claims and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[2]  28 U.S.C. § 1915(e)(2)(B).

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  In screening Plaintiff's complaint pursuant to § 1915, the Court will accept all of the well-pleaded facts as true, disregard any legal conclusions, and determine whether the facts alleged in the complaint are sufficient to show that Plaintiff has stated a "plausible claim for relief."  *Ball v. Craver*, 2012 U.S. Dist. LEXIS 40025 at *30 (M.D. Pa. Jan. 30, 2012) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)).

Plaintiff Reginald Bell filed suit against Defendants Government of the Virgin Islands, Department of Public Works, Virgin Islands Transportation, and Russell for repeatedly denying services to Plaintiff Bell because of the presence of Bell's service dog.  Plaintiff alleges Defendants violated Title II of the Americans with Disabilities Act (ADA) and "Regulation at CFR Part 3" when they denied him access to VITRAN, the public bus service

---

[2] A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327.  "A complaint is malicious when it 'duplicates allegations of another [ ] federal lawsuit by the same plaintiff.'" *Daley v. United States Dist. Court*, 629 F. Supp. 2d 357, 359-60 (D. Del. 2009) (alteration in original) (quoting *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (stating "malicious" in the context of sections 1915(e) "is more usefully construed as intended to harass").  A complaint fails to state a claim when it lacks "sufficient factual matter [ ] to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Bell v. Government of the US Virgin Islands*
Civil No. 2018-24
Page 3

for the Virgin Islands, while accompanied by his service dog. Plaintiff Bell further alleges that Defendant Russell, the Virgin Islands ADA Coordinator, has "coerced" VITRAN officials to deny bus service to Plaintiff when he is accompanied by his service dog by incorrectly claiming that Plaintiff's dog is not a service animal but a "comfort animal" in violation of "18 USCODE 1513" and 25 C.F.R. 11.406. [ECF 1] at 5.

**A. The Americans with Disabilities Act**

To state a cause of action under Title II of the ADA, a Plaintiff must show that he is (1) a "qualified individual with a disability" who has been (2) "denied the benefits of the services, programs, or activities of a public entity" and (3) that the denial was based on his disability. 42 U.S.C. § 12132(a). *See also Abbott v. Atl. City*, 2017 U.S. Dist. LEXIS 44205 at *31 (D.N.J. Mar. 27, 2017). However, a plaintiff does not need to "establish a *prima facie* case of discrimination" at the pleading stage. *Ruggiero v. Mount Nittany Med. Ctr.*, 2018 U.S. App. LEXIS 15056 at *11 (3d Cir. 2018). He is not required, "at this early pleading stage, to go into particulars about the life activity affected by [his] alleged disability . . . but instead, need only put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" *Fowler*, 578 F.3d at 213.

Plaintiff Bell states that although he had previously been allowed to travel on VITRAN with his service dog, he was denied access to VITRAN buses on five separate occasions from December 5, 2017 through January 25, 2018. With respect to Russell, Bell alleges that on January 26, 2017, Russell arrived at the scene and told VITRAN and the VIPD that his service animal "is a threat to public safety, needs professional training to be a service animal, need[s]

*Bell v. Government of the US Virgin Islands*
Civil No. 2018-24
Page 4

a Virgin Island[s] registration to ride Virgin Island[s] transportation and [told Bell that] if I don't like it I could sue the Lt. [Governor's] office and her." [ECF 1] at 4. Finally, Bell alleges that he continues to be denied service on VITRAN in retaliation for having registered a complaint against the Florence Williams Library with the Department of Justice. *Id* at 5.

Plaintiff Bell requests injunctive relief and monetary damages. For monetary damages to be awarded against a state under Title II, a plaintiff must prove that the state's conduct violated the Constitution. *See United States v. Georgia*, 546 U.S. 151, 159 (2006). Alternatively, "when the state's conduct violates Title II but not the [Constitution] damages must be 'a congruent and proportional means of preventing and remedying' the violation of Title II." *Baxter v. Pa. Dep't of Corr.*, 2016 U.S. Dist. LEXIS 29846 at *6-7 (W.D. Pa. Mar. 7, 2016) (quoting *Bowers v. NCAA*, 475 F.3d 524, 554-55 (3d Cir. 2007)).

Read liberally, Plaintiff's complaint states a "plausible claim for relief" under Title II of the ADA. *Ball v. Craver, supra.* Accordingly, the Court finds the complaint sufficient to survive review under § 1915(e)(2). However, because there is no individual liability under Title II for public employees, the Court will recommend dismissal of the claim as to Defendant Russell. *See Abbott v. Atl. City, supra. See also Calloway v. Boro of Glassboro Dep't of Police*, 89 F. Supp. 2d 543, 557 (D.N.J. 2000) (collecting cases).

*Bell v. Government of the US Virgin Islands*
Civil No. 2018-24
Page 5

**B. Regulation at 28 CFR Part 3**

The context of his pleadings indicate that Plaintiff's reference to 28 CFR Part 3 may be a typographical error.[3] Plaintiff Bell provides no factual allegations that would support any plausible claims against the defendants under 28 CFR Part 3 (Gambling Devices).

**C. 25 C.F.R. 11.406 and 18 U.S.C. 1513**

Plaintiff appears to be claiming that Defendant Russell committed criminal coercion, 25 C.F.R. 11.406, and retaliation against a witness, a victim, or an informant, 18 U.S.C. 1513, when she allegedly told VIPD officers and VITRAN that his dog is a comfort animal, not a service animal. The regulation and code cited by Plaintiff Bell are inapplicable here.[4]

Upon the foregoing, the Court RECOMMENDS that Plaintiff's claim against Jamilla Russell be DISMISSED WITH PREJUDICE. In addition, it is hereby ORDERED as follows:

(1) Plaintiff's Motion to Proceed *in forma pauperis* in a Non-Prisoner Civil Action [ECF 2] is GRANTED;

(2) Plaintiff's Motion for Service by U.S. Marshals [ECF 3] is GRANTED;

(3) The Clerk of Court is DIRECTED to mail to the Plaintiff one copy of form AO 440, Summons in a Civil Action, for each named defendant;

---

[3]     28 C.F.R. § 35.101 *et seq.,* "implement[s] subtitle A of title II of the Americans with Disabilities Act of 1990 (42 U.S.C. 12131-12134), as amended by the ADA Amendments Act of 2008 (ADA Amendments Act) (Pub. L. 110-325, 122 Stat. 3553 (2008)), which prohibits discrimination on the basis of disability by public entities." 28 C.F.R. § 35.101(a).

[4]     Plaintiff Bell seems to be alleging that, in her position as Territorial ADA Coordinator, Defendant Russell violated Bell's rights when she directed VITRAN employees to deny Bell and his service dog access to public transportation. A plaintiff who believes that a person, while acting under color of state law, violated his Constitutional rights appropriately pursues his claim under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Gumbs v. Penn*, 2017 U.S. Dist. LEXIS 42916 at *6 (D.V.I. Mar. 24, 2017) (citing *West v. Atkins*, 487 U.S. 42, 48 (U.S. 1988)).

*Bell v. Government of the US Virgin Islands*
Civil No. 2018-24
Page 6

(4) Plaintiff is DIRECTED to complete a summons form for each defendant and RETURN the completed summons forms to the Clerk of Court;[5]

(5) Upon receipt of the completed summons forms, the Clerk of Court is DIRECTED to issue summons and deliver the summons and copies of the complaint to the United States Marshal Service;[6]

(6) The United States Marshal is DIRECTED to serve the summons and a copy of the complaint on the defendants pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure and file proof of service with the Clerk of Court;[7]

(7) Upon issuing summons, the Clerk of Court shall serve a copy of this Order and Plaintiff's complaint by regular mail on the Attorney General for the Territory of the Virgin Islands; and

(8) Upon issuing summons, the Clerk of Court shall mail a courtesy copy of this Order and Plaintiff's complaint by regular mail to the United States Attorney for the District of the Virgin Islands.

ENTER:

Dated: August 16, 2018      /s/
                            RUTH MILLER
                            MAGISTRATE JUDGE

---

[5] Plaintiff must complete the caption and the name and address sections. Plaintiff may return the summons by U.S. mail or may hand-deliver them to the clerk's office: District Court of the Virgin Islands, St. Croix Division, 3013 Estate Golden Rock, Suite 219, St. Croix, VI 00820. The Clerk of Court is directed to mail paper forms. The electronic version can be found at:
http://www.vid.uscourts.gov/sites/vid/files/forms/AO_440.pdf.

[6] Section 1915(d) directs that "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d); *see Crock v. Astrue*, 332 Fed. Appx. 777, 778 (3d Cir. 2009) (explaining a litigant proceeding *in forma pauperis* is not responsible for the service of process) (citing *Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996)).

[7] *See* FED. R. CIV. P. 4(c)(3) (explaining where a court authorizes a plaintiff to proceed *in forma pauperis* under § 1915, service must be "made by a United States marshal or deputy marshal or by a person specially appointed by the court"); *accord Crock*, 332 Fed. Appx. at 778 (stating the district court is "obligated" to order that the United States Marshal effectuate service).