NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| REGINALD BELL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GOVERNMENT OF THE UNITED<br>STATES VIRGIN ISLANDS *et al.*,<br><br>　　　　　Defendants. | Civ. No. 18-24<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

## **INTRODUCTION**

This matter comes before the Court upon the U.S. Magistrate Judge's "Report and Recommendation" ("R&R") (ECF No. 5), in which the Magistrate Judge granted the Motion to Proceed *In Forma Pauperis* filed by Plaintiff Reginald Bell ("Plaintiff") (ECF No. 2), granted the Motion for Service filed by Plaintiff (ECF No. 3), and recommended that the Court dismiss with prejudice Plaintiff's claims against Defendant Jamilla Russell. Plaintiff has not objected to the R&R. For the reasons stated herein, the Court adopts the R&R, dismisses Plaintiff's claims against Defendant Jamilla Russell, and dismisses Counts 2–4 of the Complaint.

## **BACKGROUND**

**I.　Factual Background**

This is an Americans with Disabilities Act ("ADA") case. Plaintiff alleges that Defendants Government of the Virgin Islands, Department of Public Works, Virgin Islands

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

Transportation, and Jamilla Russell (collectively, "Defendants") repeatedly denied Plaintiff and his service dog access to VITRAN, the public bus service for the U.S. Virgin Islands. (Compl. at 4–5, ECF No. 1.)[2] Plaintiff alleges that he was denied access to VITRAN buses on five separate occasions from December 5, 2017 to January 25, 2018. (*Id.* at 4.) According to the Complaint, in January 2018, Defendant Russell, the ADA Coordinator for the U.S. Virgin Islands, notified Plaintiff that his service dog "[was] a threat to public safety, need[ed] professional training to be a service animal, [and] need[ed] a Virgin Island[s] registration to ride Virgin Island[s] transportation." (*Id.*) Plaintiff further avers that Defendant Russell "coerced" VITRAN officials to deny bus service to Plaintiff whenever he is accompanied by his service dog. (*Id.* at 5.) Plaintiff claims that he continues to be denied service on VITRAN in retaliation for having filed a complaint with the Department of Justice against a library. (*Id.*)

## II.    Procedural History

On June 26, 2018, Plaintiff filed the *pro se* Complaint (ECF No. 1), a Motion to Proceed *In Forma Pauperis* (ECF No. 2), and a Motion for Service by the U.S. Marshals (ECF No. 3). The Complaint lists four counts: (1) violations of Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, (2) violations of "Regulation at CFR Part 3," (3) violations of 25 C.F.R. 11.406, and (4) violations of 18 U.S.C. § 1513. (*Id.* at 2.) On August 16, 2018, the Magistrate Judge granted Plaintiff's Motion to Proceed *In Forma Pauperis* and Plaintiff's Motion for Service by the U.S. Marshals. (R&R at 5, ECF No. 5.) The Magistrate Judge recommended that Plaintiff's claims against Defendant Jamilla Russell be dismissed with prejudice. (*Id.*) The Magistrate Judge's R&R is presently before the Court.

---

[2] The page numbers to which the Court refers are the CM/ECF page numbers.

## STANDARD OF REVIEW

Objections to a Magistrate Judge's report and recommendation must be filed within fourteen days. Fed. R. Civ. P. 72(b)(2). Where parties do not object to a Magistrate Judge's report and recommendation, a district court is not required to review the report and recommendation before accepting it. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985); *see also Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011). The "better practice," however, "is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). If there are no objections, the district court reviews the report and recommendation's conclusions on dispositive issues for "plain error." *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (collecting cases), *aff'd* 276 F. App'x 125 (3d Cir. 2008). Under this standard, the district court will defer to the Magistrate Judge's rulings unless the error is "'clear' or 'obvious' and seriously affect[s] the fairness or integrity of the judicial proceedings." *Id.* (citing *United States v. Sargeant*, 171 F. App'x 954, 957 n.4 (3d Cir. 2006)). Because the parties have not objected to the Magistrate Judge's R&R in this case, the Court reviews the R&R under a plain error standard of review.

## LEGAL STANDARD

In a proceeding *in forma pauperis*, a complaint may be subject to *sua sponte* dismissal if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."

*Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). However, the court may disregard any conclusory legal allegations. *Id.* at 210–11 (quoting *Iqbal*, 556 U.S. at 679). Third, the court must determine whether the facts "plausibly give rise to an entitlement for relief." *Malleus*, 641 F.3d at 563 (quoting *Iqbal*, 556 U.S. at 679); *see also Fowler*, 578 F.3d at 211. A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). While courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## DISCUSSION

In conducting a preliminary review of the Complaint, the Magistrate Judge properly

identified the legal standards under which to assess Plaintiff's claims and applied those legal standards appropriately. To bring a successful cause of action under Title II of the ADA, a plaintiff must show that

> (1) she is a qualified individual with a disability; (2) she was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of her disability.

*Calloway v. Boro of Glassboro Dep't of Police*, 89 F. Supp. 2d 543, 551 (D.N.J. 2000) (citing 42 U.S.C. § 12132). "However, at the pleading stage, a plaintiff need not establish a *prima facie* case of discrimination." *Ruggiero v. Mount Nittany Med. Ctr.*, 736 F. App'x 35, 41 (3d Cir. 2018) (citing *Fowler*, 578 F.3d at 213). "Rather, . . . a complaint is sufficient when it 'pleads how, when, and where [the discrimination occurred]' such that a [defendant] is on notice of the basis of the claim against it." *Id.* (citing *Fowler*, 578 F.3d at 212). At this preliminary stage of the case, the Magistrate Judge did not commit plain error in assessing Plaintiff's Title II claim under this standard.

Additionally, as the Magistrate Judge explained, public employees sued in their individual capacities cannot be held liable under Title II of the ADA. *Williams v. Hayman*, 657 F. Supp. 2d 488, 501–02 (D.N.J. 2008) (collecting cases); *cf. Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002) (relying on other appellate court decisions holding that individuals cannot be held liable under Titles I and II of the ADA in concluding that individuals cannot be held liable under Title III of the ADA). Adopting the Magistrate Judge's recommendation, the Court dismisses with prejudice Plaintiff's claims against Defendant Russell to the extent that the claims are against Defendant Russell in her individual capacity.

Moreover, as noted by the Magistrate Judge, Plaintiff's factual allegations do not support

a claim under 28 C.F.R. Part 3, which pertains to gambling devices; 25 C.F.R. 11.406, which lists the elements of criminal coercion; or 18 U.S.C. § 1513, which prohibits retaliation against a witness, victim, or informant. Therefore, in addition to adopting the Magistrate Judge's R&R, the Court dismisses Counts 2–4 of the Complaint against all Defendants.

## CONCLUSION

For the reasons stated herein, the Report and Recommendation dismissing Plaintiff's claims against Defendant Jamilla Russell (ECF No. 5) is adopted, and Counts 2–4 of the Complaint are also dismissed. An appropriate Order will follow.


Date: September 11, 2020 */s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.